## No. 22697.

Thomas Lira *v*. The People of the State of Colorado.
(445 P.2d 62)

Decided September 3, 1968.    Rehearing denied September 30, 1968.

COGSWELL and WILLS, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*In Department.*

Opinion by CARL W. FULGHUM.*

THE defendant Lira was convicted of the crime of assault with a deadly weapon. He advanced only one ground in his argument for a reversal of the judgment, namely:

1. The trial court erroneously admitted items of clothing belonging to the prosecuting witness into evidence.

The facts in this case are quite simple and are as follows:

The defendant and a man named Eloy Romero engaged in a brawl in a bar, and in the course of the affray the defendant stabbed Romero and seriously wounded him. The defendant now argues that the treating physician and Romero both testified as to the nature, extent and manner of infliction of the wounds, and, therefore, there was no necessity to introduce the bloody clothing into evidence; and furthermore, in view of the fact that such evidence was uncontroverted introduction of the

---

*District Judge sitting under assignment of the Chief Justice under the provisions of Article VI, Sec. 5(3) of the constitution of Colorado.

clothing only tended to inflame and prejudice the jury.

The People argue that at the time the clothing was introduced the defendant had not admitted the nature, extent and manner of infliction of the wound; and that while the evidence obtained from the introduction of the clothing might be cumulative, it was not, for that reason, inadmissible.

The district attorney proposed to introduce in evidence three exhibits on behalf of the People, namely, Exhibits A, B and C. The district attorney had handed Exhibit A to the prosecuting witness, Romero, for identification, and he had identified it as the shirt he was wearing on May 9, the evening in question. At this time the attorney for the defendant objected to the introduction of this exhibit in evidence and stated that it was only being offered for the purpose of inflaming the jury. The district attorney stated that his purpose in introducing this exhibit in evidence was to show where the wounds were inflicted, how they might have occurred, and the possible extent of the damage and the injuries the victim had sustained. Argument was had to the court concerning the admissibility of the evidence. After hearing the argument, the court ruled that the evidence be admitted to show the extent of the wounds and the possible intent of the defendant with reference to the crime charged.

People's Exhibits A and C were admitted in evidence. Exhibit B, however, was never tendered into evidence, and therefore was not accepted by the court.

The general rule in relation to evidence of this kind is set forth in 22A C.J.S. *Criminal Law* § 713 as follows:

"Within the discretion of the trial judge, articles of clothing worn at the time of the crime by the victim thereof are admissible in evidence provided they throw light on some issue, or assist the jury in some material matter, and provided they are properly identified and

are in substantially the same condition as at the time of the offense."

The prosecuting witness testified that the clothing in question, Exhibits A and C, was the same clothing that he was wearing on the night when he was stabbed by the defendant.

In 2 Wharton's Criminal Evidence 618 (R. Anderson ed. 1955) we find the following statement of principle:

"The clothing of a victim of violence, or of homicide, if properly identified, is admissible to illustrate the nature of the wounds, * * * to throw light upon any material matter in issue, such as * * *, the use of force by the defendant * * *."

The amount of blood on the clothing was certainly some evidence of the seriousness of the wounds inflicted, as well as the force used in connection with the infliction of the wounds; it established beyond a doubt that the wounds of Romero were something more than a mere scratch.

The defendant argues that this evidence is only cumulative of other evidence offered by Romero and his attending physician. However, even though evidence may be cumulative, that of itself does not render it inadmissible. As stated in 2 Wharton's Criminal Evidence 622 (R. Anderson ed. 1955):

"Garments are not rendered inadmissible by reason of the fact that other evidence bears upon or settles the issue upon which they throw some light."

Also, in 22A C.J.S. *Criminal Law* § 713 we find the same principle set forth:

"Under some authorities, the fact such pieces of evidence are merely cumulative does not affect their admissibility and they may properly be admitted to corroborate oral testimony of other evidence; although the evidence offered is only cumulative, and may tend to inflame the jury, its admissibility will not be affected

if it sheds light on a material inquiry or illustrates the transaction at issue."

In the instant case, the trial judge was of the belief that this evidence showed the extent of the wounds and the possible intent of the defendant. This was a matter of discretion with the trial judge, and we cannot say that he abused his discretion.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.